IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00143-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**FRANCISCO GARCIA,**

        **Defendant.**

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**
_____

        Undersigned counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred twenty (120) days from the speedy trial time limitations and vacating the pending motions deadline (June 23, 2021), Trial Preparation Conference (July 30, 2021), and Jury Trial date (August 9, 2021). The government does not oppose the present Motion.

**I.**    **Procedural Background**

        1.    On April 22, 2021, the government filed an Indictment in the District of Colorado, alleging that Mr. Garcia committed a violation of 18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury. *See* Doc. 1. An Arrest Warrant was issued the same day. *See* Doc. 2. The alleged offense occurred on or about September 2, 2019. *See* Doc. 1.

2.      On or about June 3, 2021, Mr. Garcia was "arrested."[1]  Mr. Garcia appeared by telephone from the ADX facility in Florence, Colorado, before the Honorable Magistrate Judge S. Kato Crews in the District of Colorado for an Initial Appearance, Arraignment, and Discovery Conference.  *See* Doc. 7.  The Court appointed counsel to represent Mr. Garcia at that time.  *See id.* & Doc. 8.  The Court also entered an Order of Detention because Mr. Garcia is currently serving a federal prison sentence.  *See* Docs. 7 & 10.

3.      On June 4, 2021, undersigned counsel filed a Notice of Appearance.  *See* Doc. 11.

4.      Also on June 4, 2021, this Honorable Court entered an Order with the following pertinent dates for the case:

a) Pretrial Motions Deadline: June 23, 2021;
b) Responses to Pretrial Motions: June 30, 2021;
c) Trial Preparation Conference: July 30, 2021;
d) Four-day Jury Trial Date: August 9, 2021.

*See* Doc. 12.

5.      On June 9 & 10, 2021, the government provided initial discovery to undersigned counsel, consisting of:

   a) more than 650 written pages of investigative/incident reports, witness interview statements, criminal history records, and photos, and

   b) 15 audio/video files with footage totaling more than five hours of footage.

6.      Undersigned counsel and the government agreed to the terms of a Protective Order that would cover the disclosure of additional evidence from the government.  *See* Doc. 15.  That evidence is expected to be tendered next week.

7.      Undersigned counsel has conducted an initial review of the written and

---

[1] The offense is alleged to have occurred in the Bureau of Prisons (BOP).  Since the time of the alleged offense, Mr. Garcia has been in the custody of the BOP and he was arrested there.

audio/video discovery materials tendered thus far by the government.

Speedy Trial Calculation

8. Nineteen days have passed since Mr. Garcia initially appeared in the District of Colorado. *See* 18 U.S.C. § 3161(c)(1) (speedy trial calculation commences on either the filing date of the information/indictment or the date the defendant appears in the district, "whichever date last occurs.") As a result, fifty-one days remain on the original 70-day period. The original speedy trial date ("70-day date") is August 12, 2021. An extension of 120 days would move the 70-day date to approximately December 11, 2021.[2]

Justification for an Extension

9. A summary of the government's alleged evidence[3] is as follows:

On September 2, 2019, while on rounds, BOP staff observed a fight in progress between two inmates inside of a cell on the B/A unit of the United States Penitentiary (USP) in Florence, Colorado. Correctional officers observed one of the inmates, alleged to be Mr. Garcia, kicking the other inmate in the head. According to their reports, he did not stop immediately after being ordered to do so. Correctional staff deployed pepper spray, entered the cell, and separated the two inmates. The other inmate suffered injuries believed to be the result of the fight.

10. Based on the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified four tasks that will be necessary to complete in order to represent Mr. Garcia effectively.

11. First, additional time is required to complete the discovery process, i.e. to obtain and review all discoverable materials. The materials initially disclosed by the government only represent a portion of the evidence that is anticipated to exist in the present case. Another

---

[2] An exclusion of 120 days from today's date would go until October 21, 2021. Fifty-one days after that date would be December 11, 2021.

[3] The factual information presented herein is derived from information tendered by the government in discovery. The statements do not constitute admissions by Mr. Garcia about how the events actually transpired.

3

portion of the evidence is subject to a protective order and is expected to be tendered within about a week's time. Undersigned counsel anticipates that additional discovery will be requested after these initial disclosures by the government.

12. Second, undersigned counsel must conduct a thorough investigation of the alleged offense. Witness interviews will be an important part of the investigation, but it is unclear at this time how many, or which, witness interviews will be necessary. The alleged victim of the crime is now in a BOP facility in Indiana. A visit to the scene of the alleged crime also may be necessary.

13. Third, undersigned counsel must research potential pre-trial motions and possible defenses. Of particular note in a case of this type would be the applicability of self-defense and the viability of a motion for pre-indictment delay.

14. Fourth, undersigned counsel must consult with Mr. Garcia and assist him in determining whether he wants to have a jury trial or plead guilty. This includes a thorough review of the relevant evidence with him. And should Mr. Garcia choose to go to trial, undersigned counsel must prepare for trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits.

15. On the other hand, if Mr. Garcia is not interested in taking the present case to trial, undersigned counsel must attempt to negotiate a favorable disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines. This process also is time consuming.

16. Consultation with Mr. Garcia will be more time consuming than in the average federal criminal case because Mr. Garcia is currently housed at the Administrative Security

facility (ADMAX) in Florence, Colorado, and undersigned counsel must schedule personal visits well in advance. Legal phone calls are infrequently permitted.

17. The present case is a very serious felony offense in which the charged count could be punishable by up to ten years of imprisonment.

18. Undersigned counsel contacted government counsel about the present motion. The government has no objection to an extension as requested herein.

19. Undersigned counsel has only spoken to Mr. Garcia on one occasion. Additional attempts to contact Mr. Garcia to seek his position on the present motion have not been successful. Undersigned counsel has arranged an in-person visit with Mr. Garcia on July 15, 2021, in Florence, Colorado.

## II.    Standard for Continuances

20. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

21. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the

    attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

    22.    In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

    23.    The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act."  *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.    Argument

    24.    This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

25.     Undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii) or a finding that the amount of discovery is extensive at this time,[4] but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

26.     Undersigned counsel requires 120 days to: coordinate the disclosure of outstanding discovery materials with the government, review those materials with Mr. Garcia, conduct necessary pre-trial investigation, research the appropriate legal issues, and prepare appropriate pre-trial motions, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Garcia's behalf.

27.     The government does not object to the requested continuance.

28.     The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

29.     Finally, a continuance for 120 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

30.     Undersigned counsel has, and will continue to, diligently pursue the defense of this case.  However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-

---

[4] Depending on the volume of discovery disclosed following the government's subsequent disclosures, this issue may need to be revisited.

7

frame.  Undersigned counsel has represented Mr. Garcia for less than three weeks – more time is essential to ensure that he receives effective representation in a case of this magnitude.

31.     Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation of motions and for trial.

32.     The present request is undersigned counsel's first request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a new trial date in late November/early December of 2021.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

8

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2021, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Laura Cramer-Babycz
    Assistant United States Attorney
    Email: Laura.Cramer-Babycz@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Francisco Garcia (United States Mail)

    s/ *Timothy P. O'Hara*
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant