IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00143-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**FRANCISCO GARCIA,**

        **Defendant.**

_____

**DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
TIME FROM THE SPEEDY TRIAL ACT**
_____

        Undersigned counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding an additional ninety (90) days from the speedy trial time limitations and vacating the pending motions deadline (September 3, 2021), Trial Preparation Conference (November 12, 2021), and Jury Trial date (November 29, 2021).  The government does not oppose the present Motion.

**I.    Procedural Background**

        1.    Undersigned counsel described a significant portion of the procedural history of the present case in a previous filing.  *See* Doc. 16 at ¶¶1-7.  Undersigned counsel incorporates that information into the present filing by reference here.

        2.    On June 23, 2021, undersigned counsel filed "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act."  *See* Doc. 16.

3.      On July 2, 2021, the Court issued its "Order Granting Defendant's Unopposed Motion to Exclude 120-Days from the Speedy Trial Act."  *See* Doc. 17.  The Court vacated the previously scheduled dates and set new dates:

a) August 20, 2021 (motions deadline)[1],

b) November 12, 2021 (Trial Preparation Conference), and

c) November 29, 2021 (four-day jury trial).

4.      On July 12, 2021, the government provided an additional 170 pages of written discovery that is subject to the Court's Protective Order [Doc. 15], meaning that the information can be shown to Mr. Garcia but not possessed by him.

5.      On July 15, 2021, undersigned counsel and an investigator traveled to Florence, Colorado, to visit Mr. Garcia at the Administrative Maximum Facility (ADMAX).

6.      On August 23, 2021, undersigned counsel requested a significant amount of discovery from the government, including, but not limited to:

a)  all incident reports for the alleged crime occurring on September 2, 2019,

b) unredacted versions of records from previous discovery disclosures, and

c) all documents relating to the Special Investigative Supervisor (SIS) investigation that occurred in connection with the present case.

7.      On August 24, 2021, the government disclosed approximately 38 additional pages of discovery material to undersigned counsel, again subject to the Court's Protective Order.  The materials disclosed contain some portions that have been redacted.

---

[1] At the request of undersigned counsel, the motions deadline was later extended by the Court until September 3, 2021. *See* Doc. 20.

8.     Some discovery materials from the 8/23 request remain outstanding. Undersigned counsel inquired of the government about the timing of the disclosure of outstanding discovery materials. The government believes that a disclosure of discovery responsive to the 8/23 request will take at least a few more weeks and will be subject to the BOP's approval.

Speedy Trial Calculation

9.     Nineteen days ran on the speedy trial calculation prior to the filing of "Defendant's Unopposed Motion to Exclude One Hundred Twenty (120) Days from the Speedy Trial Act." [Doc. 16]. *See* 18 U.S.C. § 3161(c)(1) (speedy trial calculation commences on either the filing date of the information/indictment or the date the defendant appears in the district, "whichever date last occurs."); *see also* 18 U.S.C. 3161(h)(7).   As a result, fifty-one days remained on the original 70-day period when the Court granted Doc. 16.  *See* Doc. 17.  The original speedy trial date ("70-day date") was August 12, 2021.  With the Court's extension of 120 days [Doc. 17], the Court ordered that the 70-day clock be extended until December 8, 2021.[2]  Fifty -one days still remain on the speedy trial clock.  Excluding an additional 90 days would extend the deadline until approximately March 8, 2022.[3]

---

[2] According to undersigned counsel's calculation, an exclusion of 120 days from July 2nd (the date the Court ruled on the Motion to Continue) went until October 30, 2021.  Fifty-one days after that date was December 19, 2021.

[3] The second exclusion would start on October 18, 2021 – 51 days before the 70-day date (December 8, 2021) found by the Court.  Excluding 90 days from October 18, 2021 would go until January 16, 2022.  Fifty-one days after January 16th would be March 8, 2022.

Justification for an Extension

10. Based on the status of the case, including the outstanding discovery, the pending investigation, and necessary, remaining consultation with Mr. Garcia, an additional 90 days will be necessary to prepare for trial.

11. First, additional time is required to complete the discovery process, i.e. to receive the items that have been requested and to discuss with the government any items that it remain outstanding or that have been redacted. The parties have been working together to complete this process, but the discovery process is more time consuming in a case that occurred within the Bureau of Prisons (BOP). Because the BOP considers a large amount of information as confidential and restricts the terms of its disclosure, not all information can be disclosed immediately and certain information must be tendered pursuant to protective order. This has caused added time to make sure that the information arrives to Mr. Garcia.

12. Second, undersigned counsel must continue to investigate the alleged offense. At least two witness interviews have been scheduled and at least one additional interview will be necessary. A visit to the scene of the alleged crime still may be necessary.

13. Third, undersigned counsel must continue to research potential defenses to the charged offense. Of particular note in a case of this type is the applicability of self-defense. And due to the date of the offense and the date of Indictment, undersigned counsel must continue to research the viability of a motion for pre-indictment delay.

14. Fourth, undersigned counsel must continue to consult with Mr. Garcia. This includes consultation about the discovery and investigation as well as consultation about whether he wants to have a jury trial. This includes a thorough review of the relevant evidence with him. Since some evidence has been disclosed that cannot be sent to Mr. Garcia directly, undersigned counsel must plan visits to make sure that Mr. Garcia is able to review all of the materials in his case.

15. Should Mr. Garcia choose to go to trial, undersigned counsel must prepare for that trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits.

16. Consultation with Mr. Garcia is more time consuming than in the average federal criminal case because Mr. Garcia is still housed at the ADMAX facility in Florence, Colorado, and undersigned counsel must schedule personal visits well in advance.

17. The present case is a very serious felony offense in which the charged count could be punishable by up to ten years of imprisonment.

18. Undersigned counsel contacted government counsel about the present motion. The government has no objection to an extension as requested herein.

19. Undersigned counsel spoke to Mr. Garcia about requesting additional time and Mr. Garcia has no objection to undersigned counsel taking additional time to investigate his case.

## II.     Standard for Continuances

20.     Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

21.     Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

22.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the

harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

23. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.  Argument

24. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 90 days from the speedy trial calculations.

25. Undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii) or a finding that the amount of discovery is extensive at this time, but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

26.     Undersigned counsel requires 90 additional days to: coordinate the completion of outstanding discovery materials with the government, review those materials with Mr. Garcia, complete the necessary pre-trial investigation, research the appropriate legal issues, and prepare appropriate pre-trial motions, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Garcia's behalf.

27.     Neither the government nor Mr. Garcia objects to the requested continuance.

28.     The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

29.     Finally, a continuance for 90 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

30.     Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial timeframe.

31.     Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation of motions and for trial.

32.     The present request is undersigned counsel's second request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 90 days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a new trial date in late February/early March of 2022.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I electronically filed the foregoing

**DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
TIME FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Laura Cramer-Babycz
    Assistant United States Attorney
    Email: Laura.Cramer-Babycz@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Francisco Garcia (United States Mail)


                    s/ *Timothy P. O'Hara*
                    TIMOTHY P. O'HARA
                    Assistant Federal Public Defender
                    633 Seventeenth Street, Suite 1000
                    Denver, Colorado  80202
                    Telephone:  (303) 294-7002
                    FAX:  (303) 294-1192
                    Timothy_OHara@fd.org
                    Attorney for Defendant