IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00143-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**FRANCISCO GARCIA,**

    **Defendant.**

_____

**DEFENDANT'S THIRD UNOPPOSED MOTION TO EXCLUDE
TIME FROM THE SPEEDY TRIAL ACT**
_____

    Undersigned counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding an additional sixty (60) days from the speedy trial time limitations and vacating the pending motions deadline (January 6, 2022), Trial Preparation Conference (February 25, 2022), and Jury Trial date (March 7, 2022). The government does not oppose the present Motion.

**I.**    **Procedural Background**

    1.    Undersigned counsel described a significant portion of the procedural history of the present case in two previous filings. *See* Doc. 16 at ¶¶1-7 and Doc. 21 at ¶¶2-8. Undersigned counsel requests that information be considered as it relates to the present filing.

    2.    On September 3, 2021, undersigned counsel filed "Defendant's Second Unopposed Motion to Exclude Time from the Speedy Trial Act." *See* Doc. 21.

3. On September 9, 2021, the Court issued its "Order Granting Defendant's Second Unopposed Motion to Exclude Time from the Speedy Trial Act." *See* Doc. 22. The Court vacated the previously scheduled dates and set new dates:

a) January 3, 2022 (motions deadline)[1],

b) February 25, 2022 (Trial Preparation Conference), and

c) March 7, 2022 (four-day jury trial).

*See id.*

4. Since the filing of Doc. 21, the parties have been in communication about outstanding discovery:

a) on September 28, 2021, the government disclosed 26 pages of FBI 302 reports and other Bureau of Prisons (BOP) documents (including the criminal referral email from BOP counsel and housing information for Mr. Garcia and the alleged victim). This information is subject to the Protective Order entered on June 16, 2021. *See* Doc. 15.

b) on October 27, the government disclosed one additional page of discovery that was an unredacted version of a document that had been previously disclosed. This information is subject to the Protective Order entered on June 16, 2021. *See* Doc. 15.

c) on November 8, 2021, undersigned counsel spoke to government counsel by phone about outstanding discovery. The conversation was productive and government counsel agreed to disclose additional information to undersigned counsel based on previous requests.

d) on November 26, 2021, government counsel disclosed an additional 432 pages of discovery material, including records relating to Mr. Garcia's criminal history, medical and mental health records. All of the records were subject to the terms of the Protective Order entered on June 16, 2021. *See* Doc. 15.

5. In addition to the work done to complete the discovery process, undersigned counsel has maintained communication with Mr. Garcia:

---

[1] At the request of undersigned counsel, the motions deadline was later extended by the Court until January 6, 2022. *See* Doc. 25.

    a) On October 28, 2021, undersigned counsel and an investigator traveled to Florence, Colorado, to visit Mr. Garcia at the Administrative Maximum Facility (ADX).

    b) On December 17, 2021, undersigned counsel arranged a legal call with Mr. Garcia at his facility.

    6.    Additionally, undersigned counsel has continued the ongoing investigative efforts relating to the present charges:

    a) on September 9, 2021, an investigator for undersigned counsel's office interviewed two witnesses at ADX.

    b) on October 25, 2021, undersigned counsel and an investigator flew to Indiana to interview the alleged victim in the present case who is now housed at the USP Terra Haute.

    7.    Finally, undersigned counsel has been working to ensure that Mr. Garcia is able to review the discovery materials:

    a) on September 13, 2021, undersigned counsel sent the non-protected discovery materials to Mr. Garcia's counselor in order for Mr. Garcia to access.

    b) on October 15, 2021, undersigned counsel's investigator followed up with Mr. Garcia's counselor and BOP legal counsel about allowing Mr. Garcia access to the discovery materials as he had not been able to view the materials. BOP counsel promptly responded that the counselor was out due to illness but would address it the next week.

    c) on October 19, 2021, undersigned counsel's investigator followed up again to check on the status of Mr. Garcia's access to the discovery. BOP counsel indicated that they were working with the unit team and IT staff to coordinate his access.

    d) on November 24, 2021, a letter written by Mr. Garcia was filed on ECF/PACER indicating that he still had not received access to the discovery materials. *See* Doc. 23.

    e) on November 25, 2021, undersigned counsel's investigator followed up again to check on the status of Mr. Garcia's access to the discovery. BOP counsel responded that they were checking on it and would be in touch shortly.

    f) over the next five days undersigned counsel and BOP staff communicated to get Mr. Garcia access to the discovery materials as soon as possible.

g) on November 30, 2021, undersigned counsel was informed that the BOP had misplaced the flash drive and requested that another one be sent. Undersigned counsel coordinated the delivery of an additional flash drive to ADX.

h) on December 3, 2021, Mr. Garcia was allowed to review the discovery materials.

Speedy Trial Calculation

8. Nineteen days had run on the speedy trial calculation prior to the filing of Docs. 16 and 21. Since then, the time that has passed has been time excluded from the speedy trial calculation by order of the Court. By granting Doc. 21, the Court ordered that the time between December 8, 2021, and March 8, 2022, be excluded. *See* Doc. 22. Excluding an additional 60 days would extend the speedy trial deadline until approximately May 8, 2022.[2]

Justification for an Extension

9. As indicated in Doc. 25, it likely that the present case will proceed to a jury trial. And due to need for: additional investigation, additional consultation with Mr. Garcia, and time to prepare for trial, an additional 60 days will be necessary to exclude from the speedy trial calculation.

10. First, undersigned counsel must continue to investigate the alleged offense. Undersigned counsel and an investigator already have conducted three witness interviews, one of which required out-of-state travel. An additional two to three witness interviews are necessary. Two of the three interviews have been scheduled to occur within the next seven days but the third has not yet been scheduled. A visit to the

---

[2] The Court's Order simplified the speedy trial calculation by indicating that "[t]he 70-day clock, exclusive of tolled time, shall accordingly be extended from December 8, 2021, to March 8, 2022." Doc. 22 at p. 5.

4

scene of the USP Florence to view the cell where the alleged assault occurred still may be necessary.

11.     Second, undersigned counsel must continue to consult with Mr. Garcia about trial and about his right to testify.  Since he only recently gained access to the discovery materials that are not subject to the Protective Order, he needs time to be able to review those materials in preparation for trial.  Also, undersigned counsel must visit Mr. Garcia at least one more time in order to review the discovery materials that are the subject of the Protective Order because he is not allowed to possess those items.  Further consultation also is required to prepare Mr. Garcia for trial, including to prepare for his decision of whether to testify at trial.  Undersigned counsel is scheduled to meet with Mr. Garcia at the ADX facility on January 21, 2022.[3]

12.     Third, undersigned counsel must prepare for the trial.  Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits.  Undersigned counsel has begun the preparation efforts already, but a significant amount of time will be required to effectively rebut the government's case.  There is no Tenth Circuit Pattern Jury Instruction for the charged offense so the parties must prepare a proposed instruction for the court's consideration.

13.     The present case is a very serious felony offense in which the charged count could be punishable by up to ten years of imprisonment.

---

[3] It should be noted that consultation with Mr. Garcia is more time consuming than in a normal case because he is still housed at the ADX facility in Florence, Colorado, and undersigned counsel must schedule personal visits well in advance.

14. Undersigned counsel contacted government counsel about the present motion. The government has no objection to an extension as requested herein.

15. Undersigned counsel spoke to Mr. Garcia about requesting additional time and Mr. Garcia has no objection to the requested exclusion and continuance of the trial date.

## II.   Standard for Continuances

16. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

17. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

18. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West,

828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

19. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.     Argument

20. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude and additional 60 days from the speedy trial calculations.

21. Undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii) or a finding that the amount of discovery is extensive at

this time, but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

22. Undersigned counsel requires 60 additional days to: complete the necessary pre-trial investigation, research the appropriate legal issues, consult with Mr. Garcia, and prepare for trial on Mr. Garcia's behalf.

23. Neither the government nor Mr. Garcia objects to the requested continuance.  Mr. Garcia is serving a sentence that is set to terminate in June of 2025.

24. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

25. Finally, a continuance for 60 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

26. Undersigned counsel has, and will continue to, diligently pursue the defense of this case.  However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame.

27. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation of motions and for trial.

28.     The present request is undersigned counsel's third request for additional time under the Speedy Trial Act.  Undersigned counsel has requested a total of nine months of exclusions from the speedy trial calculation.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 60 days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a new trial date in early May of 2022.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, I electronically filed the foregoing

**DEFENDANT'S THIRD UNOPPOSED MOTION TO EXCLUDE
TIME FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Laura Cramer-Babycz
    Assistant United States Attorney
    Email: Laura.Cramer-Babycz@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Francisco Garcia (United States Mail)

    s/ Timothy P. O'Hara
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant