IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    21-cr-00143-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**FRANCISCO GARCIA,**

        **Defendant.**

---

**MR. FRANCISCO GARCIA'S MOTION TO CONDUCT ADDITIONAL ATTORNEY-LED *VOIR DIRE* BEYOND FIFTEEN MINUTES**

---

Mr. Francisco Garcia, by and through his attorney, Timothy P. O'Hara, hereby moves the Court for 60 minutes of attorney-led *voir dire* examination by each party following the *voir dire* examination by the court.[1] As set forth below, the requested relief is necessary in order to guarantee that Mr. Garcia's Sixth Amendment right to an impartial jury is fulfilled.  The government opposes the present request.

**Introduction**

A defendant's right to an impartial jury stems from the Sixth Amendment to the United States Constitution: "[i]n criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . ." This fundamental constitutional right "includes the right

---

[1] This Court's Practice Standard indicates that "[u]nless ordered otherwise, each side shall be permitted *voir dire* examination of 15 minutes after *voir dire* examination by the Court."  *See* Part IV (Trials) (B)(3).

to adequate *voir dire* to identify unqualified jurors." See *United States v. Beckner*, 69 F.3d 1290, 1291 (5th Cir. 1995) (citing *Morgan v. Illinois*, 504 U.S. 719, 729-30 (1992)).

In the federal system, the gatekeepers for this fundamental right are district court judges. See Federal Rule of Criminal Procedure 24(a)(1). The federal rules do not specify how jury selection is to occur in federal courtrooms, leaving significant discretion to the trial court. The operative rule does not even specify who should conduct the questioning: the district court judge may examine prospective jurors or the court "may permit the attorneys for the parties to do so." See *id.*

However, the federal rules note that the attorneys representing the parties cannot be left out of the jury selection process. If the court chooses to conduct the *voir dire* process, then the court *must* permit the attorneys to either ask questions themselves or to submit further questions to the court. See F.R.Cr.P. 24(a)(2). The function of *voir dire* is to provide information to both the court *and counsel*; it is important to "lay predicate for both the judge's and counsel's judgment about the qualifications and impartiality of potential jurors." *United States v. Shelton*, 736 F.2d 1397, 1408 (10th Cir. 1984).

The majority of jury selection in federal cases is conducted by the court rather than the attorneys. See Hon. Mark Bennett, *Unraveling the Gordian Knot of Implicit Bias in Jury Selection: the Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions*; 4 Harv. L. & Pol'y Rev. 149, 159 (2010). This is likely out of a "perceived efficiency" or "local legal tradition" that favors the court conducting the majority of *voir dire*. See *id.*

Unfortunately, however, predominately judicial-led *voir dire* is less likely to identify and correct important concepts like implicit bias during jury selection. See Bennett, 4

Harv. L. & Pol'y Rev. at 150. The attorneys involved in the case are in a better position to anticipate implicit biases in jurors and determine how those biases might affect their respective client's case. *See id.*

Other jurisdictions allow the attorneys to play a larger role in the *voir dire* process, especially in state courts. In Vermont, for example, *voir dire* examination is to be conducted by the attorneys under the supervision of the court, with the court conducting any supplemental questioning it sees fit. *See State v. Calloway,* 157 Vt. 217, 220 (Vt. 1991); V.R.Cr.P. 24(a). In Louisiana, the court must afford a "wide latitude to counsel in the conduct of *voir dire* examination" to comply with the mandates of the Louisiana Constitution.[2] *See State v. Sexton*, 477 So.2d 124 (La. 4th Cir. Ct. Appl. 1985). In Mississippi, counsel are allowed to question the jury directly "on matters not inquired to by the court." *See Simon v. State*, 688 So. 2d 791, 799 (Miss. 1997). And in California, after the court conducts an initial examination of the venire, the parties are entitled to subsequent examination "by oral and direct questioning, [of] any of the prospective jurors." *See* Ca. Code Civ. Pro. §223.[3]

The better practice is to allow a generous amount of attorney-led questioning. Empirical research suggests that "potential jurors respond more candidly and are less likely to give socially desirable answers to questions from lawyers than from judges." *See* Bennett at p. 160. In Judge Bennett's extensive judicial experience, jurors were "all too likely to give me the answer that they think I want, and they almost uniformly answer that

---

[2] The Louisiana Constitution requires that the defendant "have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily." *See* LSA – Const. Art. 1 §17.

[3] In California, juries in criminal actions are formed in the same manner as juries in civil actions. *See* Ca. Penal §1046.

3

they can 'be fair.'" *Id.*  Limiting the role of the attorneys in the *voir dire* process "allows jurors with undetected and undeterred implicit biases to decide cases" and prevents attorneys "from using preemptory or for cause strikes to eliminate such jurors."  Bennett, at 160.

Attorney-conducted *voir dire* presents numerous advantages:

> 1) jurors may be more forthright in signaling potential bias while answering questions posed by attorneys rather than by judges;
>
> 2) the lawyers involved in the case always know the case better than the trial judge at the onset of the case;
>
> 3) they have an incentive to identify juror tendencies that may be of concern to the client; and
>
> 4) jurors would be less likely to form snap judgments about criminal defense attorneys if they had more meaningful interaction with them.

*See Wu v. Lauriat*, 2012 WL 5208552 *3 (Superior Court of Mass. 2012).

**Argument**

In the present case, there are two principal issues that justify an expanded attorney-led *voir dire*.  First, as explained in a separate filing, undersigned counsel intends to question the jurors about their potential implicit bias.  This topic is new to many individuals and there may be some resistance from the panel to this idea.  The topic also is inherently controversial and will require an extended discussion, with follow-up questioning, beyond just surface conversation.  Undersigned counsel would like to discuss this topic with every, or nearly every, juror.

Second, since the present case is alleged to have occurred inside a federal prison, defense counsel intends to question the venire about their experiences with correctional officers, as well as their impression of individuals that have been convicted of crimes and

are serving time in prison. Defense counsel expects there to be significant factual disputes between the government witnesses (at least one BOP inmate and various correctional officers) and the defense witnesses (at least one BOP inmate and perhaps Mr. Garcia) in the upcoming trial. Because it is a realistic danger for a juror to inherently consider a correctional officer more credible than a prisoner, significant time will need to be spent to determine whether any bias exists toward Mr. Garcia or potential witnesses that will be called by the prosecution and/or defense.

Additionally, undersigned counsel will need to question the prospective jurors about their answers to the court's initial questions. These follow-up questions alone will require more than 15 minutes. If the Court were to select an initial venire of 31 potential jurors, in order to talk to each juror in 15 minutes, undersigned counsel would have to spend approximately 29 seconds with each individual juror. Even doubling the amount of time for attorney-led questioning to 30 minutes would allow less than a minute with each potential juror. This is insufficient.

This Court does not have to worry about a rambling, uncontrolled, improper series of questions by defense counsel. Undersigned counsel has not only conducted numerous *voir dire* examinations in his legal career, in both criminal and civil cases, but for years, undersigned counsel co-taught the portion relating to *voir dire* at the Illinois State Appellate Defender's Trial Advocacy Seminar.

**Consultation**

Undersigned counsel advised the government of the present motion, and it opposes the allotment of 60 minutes for attorney-led *voir dire*.

WHEREFORE, undersigned counsel requests that the Court allow each party to conduct 60 minutes of attorney-led examination during *voir dire*.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/*Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
timothy.ohara@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing

**MR. FRANCISCO GARCIA'S MOTION TO CONDUCT ADDITIONAL ATTORNEY-LED *VOIR DIRE* BEYOND FIFTEEN MINUTES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Laura Cramer-Babycz – Laura.Cramer-Babcyz@usdoj.gov
    Assistant United States Attorney

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Francisco Garcia (via Mail)

                                                              s/*Timothy P. O'Hara*
                                                              TIMOTHY P. O'HARA
                                                             Assistant Federal Public Defender
                                                             633 17th Street, Suite 1000
                                                             Denver, CO  80202
                                                             Telephone:  (303) 294-7002
                                                             FAX:  (303) 294-1192
                                                             Timothy_OHara@fd.org
                                                             Attorney for Defendant