**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-143-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FRANCISCO GARCIA,

      Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO PRODUCE *GIGLIO*
MATERIAL [ECF NO. 34]**

---

The defendant, Francisco Garcia, seeks a Court order to compel the U.S.
Attorney's Office for the District of Colorado ("the government") to disclose material
pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), by a specific date—specifically,
one month in advance of trial, on April 8, 2022.   *See* ECF No. 34 ("Def. Mot.").   The
government, of course, acknowledges and will comply with its ongoing discovery
obligations, including those pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio
v. United States*, 405 U.S. 150 (1972).   However, for the reasons set forth below, the
government objects to a Court-ordered deadline of April 8, 2022 to make those
disclosures.

### I.      Legal Background

The government has an obligation to disclose "evidence favorable to an accused .
. . where the evidence is material."   *Brady*, 373 U.S. at 87.   "Impeachment evidence as

1

well as exculpatory evidence falls within the *Brady* rule." *United States v. Young*, 45 F.3d 1405, 1408 (10th Cir. 1995) (citing *Giglio*, 405 U.S. at 154). Federal Rule of Criminal Procedure 16 further requires disclosure of, among other things, items "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Pursuant to Rule 16 and the Discovery Conference Memorandum and Order entered in this case, the government has a continuing duty to make such disclosures. *See* Fed. R. Crim. P. 16(c); ECF No. 9.

Nothing in *Brady*, *Giglio*, Rule 16, or the Discovery Conference Memorandum and Order sets a specific deadline for the disclosures that the defendant now seeks. Rather, it is well accepted that *Brady*—and, therefore, *Giglio*—disclosures must be made "soon enough to give the defendant an opportunity to use [the information] at trial effectively." *Browning v. Trammell*, 717 F.3d 1092, 1105 (10th Cir. 2013). Moreover, the necessary timing of *Giglio* disclosures may differ from *Brady* disclosures because (1) *Giglio* requires disclosure of information related to the witnesses the government ultimately decides to call at trial, *see United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) (rejecting defendant's challenge to government's alleged failure to disclose impeachment material for non-testifying witness because "both the discovery order and *Giglio* apply only to impeachment information relating to a government witness"); and (2) *Giglio* material will often require less time to prepare to effectively use at trial, *see United States v. Lujan*, 530 F. Supp. 2d 1224, 1255 (D.N.M. 2008) (explaining that *Giglio* material "usually does not require substantial time to prepare for its effective use at trial," and, therefore, "[g]enerally, a defendant's right to a fair trial will be fully protected if the government discloses *Giglio* impeachment evidence the day before the witness testifies"). For those

2

reasons, other courts have routinely rejected a defendant's request for early disclosure of *Giglio* material.  *See, e.g.*, *United States v. Segovia-Landa*, No. 20-CR-287 (JPO), 2021 WL 1966117, at *5 (S.D.N.Y. May 17, 2021) (rejecting defense request for early *Giglio* disclosures as "premature" because "[t]he Government has yet to identify which witnesses it intends to call at trial, and, in any event, courts generally decline to compel early disclosure of impeachment or *Giglio* material").

## II.   Argument

The defendant asks this Court to compel the government to disclose *Giglio* material by April 8, 2022, arguing that the deadline is necessary to allow defense to "effectively prepare for the examinations of the government's witnesses" and "to conduct any necessary investigation learned from the disclosure."    Def. Mot. at 3.   The government objects to the request for a specific deadline of April 8, 2022 for such disclosures.

As an initial matter, the government acknowledges and will comply with its obligations as outlined above, including its obligation to disclose *Brady* and *Giglio* material soon enough to allow the defendant an opportunity to use that information effectively at trial.  To that end, the undersigned Assistant United States Attorney has already disclosed certain potential impeachment material included in the victim's Bureau of Prisons ("BOP") file, and has submitted a formal request to the *Giglio* officer for the U.S. Attorney's Office for the District of Colorado for potential *Giglio* material for witnesses currently or formerly employed by BOP and the Federal Bureau of Investigation ("FBI") who may be called at trial.   Consistent with its continuing discovery obligations, the government will review

material on an ongoing basis and make any necessary disclosures as soon as practicable.

The defendant's request for a specific deadline for *Giglio* disclosures, however, goes far beyond any disclosure requirement to which the government is subject. Indeed, the defendant's instant motion would require the government effectively to finalize and disclose its witness list a month in advance, despite the fact that this is a non-capital case in which (1) the defendant does not have a constitutional right to pretrial disclosure of the government's witnesses, *see United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007) (citing *Weatherford v. Bursey*, 429 U.S. 545 (1977)); and (2) the Court requires the government to disclose its witness list two days before the trial preparation conference currently scheduled for April 29, 2022. Again, the government intends to disclose *Giglio* material as soon as it is available and disclosure is practicable, particularly for those witnesses who the government has already determined it will call at trial. Given the nature of trial preparation, however, the government's trial witnesses may change after April 8, 2022, potentially necessitating further *Giglio* disclosures.

Further rendering the defendant's requested deadline impracticable is the fact that—as the defendant highlights in his motion—the government has an obligation to request potential *Giglio* material from other government entities that are not within the direct control of the U.S. Attorney's Office for the District of Colorado. Although the government has and will continue to make such requests as early as possible to satisfy its discovery obligations, the date on which those entities provide potentially responsive information is not entirely within the control of the undersigned Assistant United States

Attorney.

At bottom, the defendant's motion is premature in that it assumes there will be significant and material *Giglio* information disclosed before trial that necessitates substantial investigation.   Rather than imposing a disclosure deadline that is neither reasonable nor practicable, the government respectfully submits that the better course of action would be to see what—if any—*Giglio* information is disclosed before trial and the timing of any such disclosures.  If, at that time, the defendant believes that there has been a discovery violation—*i.e.*, that the government "suppressed evidence" that was "favorable to the accused" and "material," *United States v. Burke*, 571 F.3d 1048, 1053 (10th Cir. 2009)—he can file a further motion with the Court that provides concrete details regarding the subject disclosure and seeks specific remedies, *see id.* at 1054 (describing district court's discretion to select appropriate remedy if government is "dilatory in its compliance with *Brady*, to the prejudice of the defendant," which remedies include a continuance, exclusion of evidence, or any other order that is justified under the circumstances).  Importantly, although the Tenth Circuit has not foreclosed the possibility that a belated disclosure may establish a due process violation, it has at the same time emphasized that "not every delay in disclosure of *Brady* material is necessarily prejudicial to the defense."  *Id.* at 1056.

## III.   Conclusion

For the reasons discussed above, the government respectfully objects to a Court-ordered deadline of April 8, 2022 for *Giglio* disclosures.

Dated:  March 28, 2022                    Respectfully submitted,

                                          COLE FINEGAN
                                          United States Attorney
                                          By:   s/ *Laura Cramer-Babycz*
                                          Laura Cramer-Babycz
                                          Assistant U.S. Attorney
                                          U.S. Attorney's Office
                                          1801 California Street, Suite 1600
                                          Denver, CO 80202
                                          Telephone: 303-454-0100
                                          Fax:  303-454-0406
                                          E-mail:  Laura.Cramer-Babycz@usdoj.gov
                                          Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO PRODUCE GIGLIO MATERIAL [ECF NO. 34]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.


By:  s/ Deana Ambrosen
     Legal Assistant
     United States Attorney's Office