IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-143-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO GARCIA,

    Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO ADDRESS THE TOPIC OF IMPLICIT BIAS DURING VOIR DIRE [ECF NO. 32]**

---

    The defendant seeks a number of modifications to the Court's standard practice for jury selection, including (1) using a case-specific jury questionnaire; (2) showing two videos about implicit bias to the venire; and (3) giving a preliminary instruction on implicit bias.  *See* ECF No. 32 ("Def. Mot.").  For the reasons set forth below, the government objects in part to these requests.

    Rule 24(a) of the Federal Rules of Criminal Procedure grants a district court broad discretion in determining what questions the jurors will be asked.  *See also Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981) ("Federal judges have . . . ample discretion in determining how best to conduct the *voir dire*.").  The focus of jury selection is to select twelve members from the community who can be fair and impartial and follow the law as given to the panel by the Court.

    This Court's Practice Standards allow for 15 minutes of attorney-conducted *voir*

1

*dire*, requiring the parties to file their proposed *voir dire* questions two days before the trial preparation conference.  *See* Practice Standards, Section IV(A)(3), (B)(3).  Several of the defendant's requests are well beyond the typical *voir dire* questions and, accordingly, should be limited or denied as set forth below.

## I.   CASE-SPECIFIC QUESTIONNAIRE

The defendant seeks to provide a written questionnaire containing ten written questions related to the jurors' potential bias.  In support of this request, the defendant states (1) he is "Latino and witnesses expected to testify on his behalf are Latino," and (2) the risk of implicit bias in this case "is actually exacerbated by the fact that [the case] is not otherwise racially charged."  Def. Mot. at 4.

The government opposes the use of this written questionnaire.  The defendant, through counsel, can of course ask any of these questions that he deems appropriate—and that the Court approves—during the attorney-led portion of *voir dire*.  But providing a written questionnaire is unnecessary, especially given that only one of the ten proposed questions gets to the heart of part of the inquiry during *voir dire*—whether "there is anything about the fact that Mr. Garcia is Latino that makes it less likely that you could be a fair and impartial juror in this type of case."  ECF No. 32-1 (question 8).  To the extent that the defendant contends that "prospective jurors are likely to be more forthcoming in writing," Def. Mot. at 4–5, he provides no support for that assertion.  Indeed, it is arguably easier to provide a false or partial answer on a written questionnaire, and the attorneys lose the ability to observe the prospective juror's demeanor when providing those answers.  *See, e.g.*, *United States v. Jackson*, 863 F. Supp. 1449, 1459 (D. Kan. 1994)

(explaining that the "cost" of using a written questionnaire is that "the parties and their attorneys lose the opportunity to observe demeanor").

Accordingly, the government opposes the defendant's request to use a written questionnaire.

## II. ORIENTATION VIDEOS EXPLAINING IMPLICIT BIAS

The defendant also asks to show two videos to potential jurors during orientation: (1) a video produced by the United States District Court for the Western District of Washington titled "Unconscious Bias"; and (2) a video from "the hidden camera show 'What Would You Do?,' which aired on ABC in 2010." Def. Mot. at 5. The defendant argues that these videos, a total of fifteen minutes in length, provide a "brief but thorough education on the subject of implicit bias—and strategies for combating it." *Id.* The government does not object to playing the first video, but does oppose playing the second proposed video.

The second proposed video shows the likelihood of passersby to conclude that a crime is being committed by people of different races. As an initial matter, the defendant fails to explain why showing the first video, providing a preliminary instruction, and discussing bias during attorney-led *voir dire* is insufficient to address this topic. Moreover, there is nothing to suggest that the defendant was investigated or targeted based on his race. Rather, he was found assaulting another inmate—who is also Latino—in their shared cell. Although the defendant insists the jury's implicit biases must be uncovered, given that this is not a case of "whodunit" identification or targeting, playing multiple videos to demonstrate the concept of bias is unnecessary. Indeed, the Tenth Circuit recently

concluded that a district court did not abuse its discretion in refusing to play any videos about implicit bias. *See United States v. Mercado-Garcia*, 989 F.3d 829, 839–41 (10th Cir. 2021) (finding district court did not abuse its discretion in refusing to play the "Unconscious Bias" video from the Western District of Washington). The Court, therefore, should decline to play the second proposed video.

### III. PRELIMINARY INSTRUCTION

Lastly, the defendant requests the Court give a preliminary instruction prior to the commencement of *voir dire*. Mot. at 6–7. The government has no objection to the instruction tendered or to the Court reading it to the panel the morning of jury selection.

Dated: March 28, 2022

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Laura Cramer-Babycz*
Laura Cramer-Babycz
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Laura.Cramer-Babycz@usdoj.gov
Attorney for Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO ADDRESS THE TOPIC OF IMPLICIT BIAS DURING VOIR DIRE [ECF NO. 32]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By:  s/ Deana Ambrosen
Legal Assistant
United States Attorney's Office