**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-143-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO GARCIA,

    Defendant.

**UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO CONDUCT ADDITIONAL ATTORNEY-LED *VOIR DIRE*
BEYOND FIFTEEN MINUTES [ECF NO. 33]**

The defendant seeks 60 minutes—45 additional minutes—of attorney-led *voir dire* examination by each party. *See* ECF No. 33 ("Def. Mot."). The defendant claims he needs additional time to (1) discuss the topic of implicit bias with "every, or nearly every, juror"; (2) question the venire about their experiences with, and impressions of, correctional officers and those who are serving time in prison; and (3) follow up on the Court's initial questions. *Id.* at 4–5.

The defendant presents these reasons as a justification to triple the *voir dire* time ordinarily permitted by the Court, but none of these reasons set this case apart from a standard criminal case. Issues of implicit bias are routinely dealt with in this District. Almost every single criminal case involves some form of law enforcement, and, often, a person who has previously been convicted of a crime. And as the defendant points out, having 31 prospective jurors is standard in this district.

1

This is also a straightforward case. This indictment contains one count. The question for the jury will be whether the defendant assaulted another inmate and caused serious bodily injury. The facts and legal concepts are not complex.

This Court ordinarily only permits 15 minutes of *voir dire* per side. Undoubtedly, this requirement is based on this Court's extensive experience handling trials, including cases like this one. The defendant has cited no case law suggesting this amount of time is insufficient. Nor has the defendant provided a sufficient reason to deviate from this standard. This Court "retains great latitude in conducting *voir dire*, and the Constitution does not require an additional opportunity to make a searching inquiry." *Sallahdin v. Gibson*, 275 F.3d 1211, 1223 (10th Cir. 2002) (citation omitted). Accordingly, the defendant's motion should be denied.

Dated: March 28, 2022

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Laura Cramer-Babycz*
Laura Cramer-Babycz
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Laura.Cramer-Babycz@usdoj.gov

Attorney for Government

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 28, 2022, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONDUCT ADDITIONAL ATTORNEY-LED VOIR DIRE BEYOND FIFTEEN MINUTES [ECF NO. 33]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                    By:  s/ Deana Ambrosen
                                    Legal Assistant
                                    United States Attorney's Office