IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-143-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FRANCISCO GARCIA,

      Defendant.

_____

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
_____

      The United States Attorney's Office for the District of Colorado respectfully

submits the enclosed proposed jury instructions. Instructions marked "STIPULATED"

have been agreed upon by both parties. The Government understands that, for

instructions marked "COMPETING," the defendant will submit competing instructions.

The Government understands that, for instructions marked "OBJECTION—NO

COMPETING," the defendant objects to the instruction.

      Dated this 29th day of April, 2022.

                       Respectfully submitted,

                       COLE FINEGAN
                       United States Attorney


By:    *s/ Andrea Surratt*_____
       Andrea Surratt & Laura Cramer-Babycz
       Assistant United States Attorney
       U.S. Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       Telephone: (303) 454-0100
       e-mail: Andrea.Surratt@usdoj.gov

**INSTRUCTION NO. 1 (STIPULATED)**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by Assistant United States Attorneys Laura Cramer-Babycz and Andrea Surratt.  The defendant, Francisco Garcia, is represented by his lawyers, Timothy O'Hara and Matthew Belcher.

The indictment charges the defendant as follows:

[Read indictment]

The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant may make any opening statement.

Evidence will be presented from which you will have to determine the facts.  The evidence will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant may present evidence, but he is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial a party may make an objection to a question asked by another party, or to an answer by a witness.  This simply means that the party is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.   If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the parties about the rules of law that should apply.   Sometimes we will talk briefly,

at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may.  On the other hand, you are not required to take notes.  If you do take notes leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of

law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, the government may now present its opening statement.

10th Cir. Crim. Pattern Jury Instruction No. 1.01 (2021)

**INSTRUCTION NO. 2 (STIPULATED)**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdict you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

10th Cir. Crim. Pattern Jury Instruction No. 1.03 (2021)

**INSTRUCTION NO. 3 (STIPULATED)**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

10th Cir. Crim. Pattern Jury Instruction 1.04 (2021)

**INSTRUCTION NO. 4 (COMPETING)**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Cir. Crim. Pattern Jury Instruction No. 1.05 (2021)

**INSTRUCTION NO. 5 (STIPULATED)**

**EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

[During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

10th Cir. Crim. Pattern Jury Instruction No. 1.06 (2021)

**INSTRUCTION NO. 6 (COMPETING)**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Cir. Crim. Pattern Jury Instruction No. 1.07 (2021)

**INSTRUCTION NO. 7 (STIPULATED)**

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Cir. Crim. Pattern Jury Instruction No. 1.08 (2021)

## INSTRUCTION NO. 8 (COMPETING)

## EXPERT WITNESSES

During the trial you heard the testimony of John Feeney, who gave testimony and expressed opinions concerning gang activity in prison.  You also heard the testimony of Dr. Christopher Capua, who gave testimony and expressed opinions regarding injuries sustained by Oziel Cardenas-Guillen.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

10th Cir. Crim. Pattern Jury Instruction No. 1.17 (2021)

**INSTRUCTION NO. 9 (STIPULATED)**

**NON-TESTIFYING DEFENDANT**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

10th Cir. Crim. Pattern Jury Instruction No. 1.08.1 (2021)

**INSTRUCTION NO. 10 (STIPULATED)**

**IMPEACHMENT BY PRIOR CONVICTION**

**(Defendant's Testimony)**

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case. You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.

10th Cir. Crim. Pattern Jury Instruction No. 1.11 (2021)

**INSTRUCTION NO. 11 (STIPULATED)**

**IMPEACHMENT BY PRIOR CONVICTION**

**(Witness Other Than Defendant)**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction that was used to impeach a witness.

10th Cir. Crim. Pattern Jury Instruction No. 1.12 (2021)

**INSTRUCTION NO. 12 (STIPULATED)**

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court. This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

10th Cir. Crim. Pattern Jury Instructions No. 1.10 (2021)

**INSTRUCTION NO. 13 (OBJECTION—NO COMPETING)**

**INVESTIGATIVE TECHNIQUES**

You have heard testimony as to the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

**INSTRUCTION NO. 14 (OBJECTION—NO COMPETING)**

**GANG AFFILIATION**

You have heard witnesses testify that the defendant is a member of a certain gang. If you find that the defendant is a gang member, you can consider that evidence only as it relates to the government's assertions about the defendant's motive regarding the incident at issue.  You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the alleged September 2, 2019, assault, not for being a gang member. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

**INSTRUCTION NO. 15 (STIPULATED)**

**ON OR ABOUT**

You will note that the indictment charges that the crime was committed on or about September 2, 2019.  The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near September 2, 2019.


10th Cir. Crim. Pattern Jury Instruction No. 1.18 (2021)

**INSTRUCTION NO. 16 (STIPULATED)**

**CAUTION—CONSIDER ONLY THE CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Cir. Crim. Pattern Jury Instruction No. 1.19 (2021)

**INSTRUCTION NO. 17 (STIPULATED)**

**CAUTION—PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

10th Cir. Crim. Pattern Jury Instruction No. 1.20 (2021)

**INSTRUCTION NO. 18 (COMPETING)**

**ASSAULT RESULTING IN SERIOUS BODILY INJURY**

**18 U.S.C. § 113(a)(6)**

The defendant is charged in Count One of the Indictment with assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).

For you to find defendant guilty of the crime of assault resulting in serious bodily injury, you must be convinced the government has proved each of the following three essential elements beyond a reasonable doubt:

First: The defendant intentionally struck Oziel Cardenas-Guillen;

Second: As a result of this assault, Mr. Oziel Cardenas-Guillen suffered serious bodily injury;

Third: The assault occurred within the territorial jurisdiction of the United States.

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; or extreme physical pain; or protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ or mental faculty.

The defendant stipulated that the alleged assault occurred within the territorial jurisdiction of the United States.  Therefore, the government need not offer additional proof as to the third element, and you should consider that element proven by the government.

If you find after consideration of all the evidence that each and all of these three elements has been proven beyond a reasonable doubt, then you should find defendant

guilty of the crime of assault resulting in serious bodily injury and should so indicate on the verdict form.

On the other hand, if you find after consideration of all the evidence that any one or more of these essential elements has not been proven beyond a reasonable doubt, then you must find defendant not guilty of the crime of assault resulting in serious bodily injury and should so indicate on the verdict form.

*United States v. Zunie*, 444 F.3d 1230 (10th Cir. 2006); O'Malley, Grenig, and Lee, 2 Fed. Jury Prac. & Instr. § 25:09 (6th ed.).

**INSTRUCTION NO. 19 (STIPULATED)**

**SELF-DEFENSE**

The defendant has offered evidence that he was acting in self-defense at the time of the alleged assault on September 2, 20219.

A person is entitled to defend himself against the immediate use of unlawful force. But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

A person may use force which is intended or likely to cause death or great bodily harm only if he reasonably believes that force is necessary to prevent death or great bodily harm to himself.

To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

Either, the defendant did not act in self-defense.

Or, it was not reasonable for the defendant to think that the force he used was necessary to defend himself against an immediate threat.

10th Cir. Crim. Pattern Jury Instruction No. 1.28 (2021)

## INSTRUCTION NO. 20 (COMPETING)

## DUTY TO DELIBERATE—VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you want to communicate with me at any time during your deliberations, the

foreperson should write the message and give it to the bailiff, who will bring it to my attention.  It may take some time as counsel will have to return to court and we may need to research an answer to your question.  But I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

10th Cir. Crim. Pattern Jury Instruction Nos. 1.23, 1.44 (2021)