## COMPETING INSTRUCTION NO. D-01

## PRESUMPTION OF INNOCENCE - BURDEN OF PROOF - REASONABLE DOUBT

I instruct you that you must presume the defendant to be innocent of the crime charged. Thus, although accused of a crime in the indictment, begins the trial with a "clean slate" - with no evidence against him. That indictment, as you already know, is not evidence of any kind. The law permits nothing but evidence presented before the jury in court and inferences reasonably drawn from that evidence to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The defendant is not even obligated to produce any evidence or cross-examine witnesses for the government.

It is not required that the government prove guilt beyond all doubt. The test is one of reasonable doubt. Reasonable doubt is a doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves beyond a reasonable doubt that the defendant committed each and every element of the offense charged in the indictment, you must find him not guilty of the offense. If you view the evidence in the case as reasonably

permitting either one of two conclusions - one of innocence, the other of guilt - you must adopt the conclusion of innocence. If the inference of guilt is stronger than the inference of innocence, but not strong enough to be beyond a reasonable doubt, then you still must find the defendant not guilty.

1A O'Malley et al., Fed. Jury Prac. & Instructions§ 12.10 (6th ed. 2018) (modified)

**COMPETING INSTRUCTION NO. D-02**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Cir. Crim. Pattern Jury Instruction No. 1.07 (2021)

## COMPETING INSTRUCTION D-03

## EXPERT WITNESSES

[During the trial you heard the testimony of John Feeney, who gave testimony and expressed opinions concerning gang activity in prison.]  You also heard the testimony of Dr. Christopher Capua, who gave testimony and expressed opinions regarding injuries sustained by Oziel Cardenas-Guillen.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

10th Cir. Crim. Pattern Jury Instruction No. 1.17 (2021)

**COMPETING INSTRUCTION – D-04**

**ASSAULT RESULTING IN SERIOUS BODILY INJURY**

**18 U.S.C. § 113(a)(6)**

The defendant is charged in Count One of the Indictment with assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).

For you to find defendant guilty of the crime of assault resulting in serious bodily injury, you must be convinced the government has proved each of the following three essential elements beyond a reasonable doubt:

First: The defendant intentionally struck Oziel Cardenas-Guillen;

Second: As a result of this assault, Mr. Cardenas-Guillen suffered serious bodily injury;

[Third: Mr. Garcia did not act in self-defense.]

Fourth: The assault occurred within the territorial jurisdiction of the United States.

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; or extreme physical pain; or protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ or mental faculty.

The defendant stipulated that the alleged assault occurred within the territorial jurisdiction of the United States.  Therefore, the government need not offer additional proof as to the third element, and you should consider that element proven by the government.

If you find after consideration of all the evidence that each and all of these three elements has been proven beyond a reasonable doubt, then you should find defendant

guilty of the crime of assault resulting in serious bodily injury and should so indicate on the verdict form.

On the other hand, if you find after consideration of all the evidence that any one or more of these essential elements has not been proven beyond a reasonable doubt, then you must find defendant not guilty of the crime of assault resulting in serious bodily injury and should so indicate on the verdict form.

*United States v. Zunie*, 444 F.3d 1230 (10th Cir. 2006); O'Malley, Grenig, and Lee, 2 Fed. Jury Prac. & Instr. § 25:09 (6th ed.).

**COMPETING INSTRUCTION NO. D-05**

**DUTY TO DELIBERATE—VERDICT FORM**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you want to communicate with me at any time during your deliberations, the foreperson should write the message and give it to the bailiff, who will bring it to my attention.  It may take some time as counsel will have to return to court and we may need to research an answer to your question.  But I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

10th Cir. Crim. Pattern Jury Instruction Nos. 1.23, 1.44 (2021)