IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-143-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO GARCIA,

    Defendant.

---

**GOVERNMENT'S REPONSE TO MOTION TO
COMPEL UNREDACTED INFORMATION**

---

The United States Attorney's Office for the District of Colorado (the "Government") respectfully files this response to the defendant's April 28, 2022, Motion to Compel Unredacted Information (the "Motion") [ECF #82]. Because the Government understands, and has thus far met, its continuing discovery obligations in this case, the Government respectfully requests that the Court deny the defendant's Motion.

### A. Background

As described in the defendant's Motion, among the discovery produced in this case, the Government has produced some documents with redactions. As to some (but not all) of the redacted documents, the Government has offered to produce unredacted versions under the "attorneys' eyes only" protective order at ECF #69, but counsel for the defendant has rejected that offer.

### B. Discussion

The Supreme Court has recognized that "[t]here is no general constitutional right

1

to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Moreover, there is no requirement that "the prosecution make a complete accounting to the defense of all evidence in its possession." *United States v. Baxter*, 492 F.2d 150, 173 (9th Cir.1973). "*Brady* does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant." *United States v. Wright*, 2012 WL 4049826, at *1 (D. Colo. Sept. 13, 2012) (Blackburn, J.) (citing *Smith v. Secretary of New Mexico Dep't of Corr.*, 50 F.3d 801, 823-824 (10th Cir. 1995)). Further, "the accused has no right to rummage through the government's files," *id.* (citing *United States v. Williams*, 580 F .2d 578, 585 (D.C.Cir. 1978), and "*Brady* does not authorize wholesale discovery or demand an 'open file' policy." *Id.* (citing *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995)).

Importantly here, "[m]ere speculation that a government file may contain *Brady* material [is] not enough to require an in camera examination." *United States v. Little*, 2021 WL 4894626, at *1 (D. Colo. Oct. 20, 2021) (Brimmer, C.J.) (*quoting United States v. Brooks*, 966 F.2d 1500, 1504 (D.C. Cir. 1992)). See also *United States v. Roybal*, 46 F.Supp.3d 1127, 1155 (D.N.M. 2014) (noting that the "Court does not typically do in camera reviews, given the crush of civil and criminal cases in the district, without some compelling reason").[1]

---

[1] After a Government witness's testimony on direct examination, *in camera* review of potential a Jencks Act statement of that witness is required should the Government refuse production on the grounds that the statement does not relate to the subject matter of that witness's testimony. 18 U.S.C. § 3500(c); *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir. 1993). After further consideration, the Government now believes it will likely call SIS Tech Roman Manjarrez to testify at trial (currently a "may call" on the Government's witness list) and, accordingly, will produce unredacted versions of Mr. Manjarrez's reports at INV_110-11 and INV_120 to defense counsel.

Courts in this District routinely accept the Government's assertions that it understands its continuing obligations pursuant to Rule 16, *Brady*, and *Giglio*, and is complying with those obligations. *See, e.g.*, *United States v. Little*, 2021 WL 4894626, at *1; *United States v. Garrison*, 147 F.Supp.3d 1173, 1178 (D. Colo. 2015) (Martinez, J.); *United States v. Wright*, 2012 WL 2012 WL 4049826, at *3; *United States v. Weiss*, 2006 WL 1752373, at *6 (D. Colo. June 21, 2006) (Babcock, C.J.). The Government has made such an assertion to counsel for the defendant, and now makes that same assertion to the Court.

It is a fact of discovery in criminal cases that the Government must determine, for all of the materials in its possession, whether such materials are discoverable as Rule 16, *Giglio*, and/or *Brady*. As a result, the Government produces some documents, withholds some documents, and produces others with redactions. Just as the defendant would not be permitted to "rummage through" whatever materials the Government has not produced at all, the defendant should not be permitted to do the same as to documents with redactions. *United States v. Wright*, 2012 WL 4049826, at *1. Nor is *in camera* review of documents required upon demand of the defendant based on generalized references to Rule 16 and *Brady*. It would obviously be a tremendous drain on the Court's resources were every discovery decision of the Government second-guessed and reviewed by the Court, based on the "mere speculation" of the defendant. *United States v. Little*, 2021 WL 4894626, at *1.

---

None of the remaining documents at issue in the defendant's Motion constitute material that must be produced pursuant to 18 U.S.C. § 3500.

**C. Conclusion**

    For the reasons stated herein, the Government respectfully requests that the Court deny the defendant's Motion to Compel Unredacted Information.

Dated: May 2, 2022

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Andrea Surratt*
Andrea Surratt & Laura Cramer-Babycz
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: andrea.surratt@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on May 2, 2022, I electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                  By: *s/ Andrea Surratt*
                  Assistant United States Attorney
                  United States Attorney's Office