IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00143-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**FRANCISCO GARCIA,**

       **Defendant.**

## DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING (WITHOUT PLEA AGREEMENT)

Defendant, FRANCISCO GARCIA, personally and by counsel, Assistant Federal Public Defender Timothy P. O'Hara, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. PLEA OF GUILTY

The Defendant intends to plead guilty to the one count in the Indictment [Doc. 1] which charges him with a violation of:

    (1)    18 U.S.C. § 113(a)(6), assault resulting in serious bodily injury.

Mr. Garcia intends to plead guilty to the charge **without a plea agreement**.

### II. ELEMENTS OF THE OFFENSE

Mr. Garcia submits that the elements of the aforementioned offense are as follows:

**Count One:**

    *First:* The defendant knowingly assaulted another person;

Court Exhibit

1

*Second*: As a result, the victim sustained serious bodily injury; and

*Third*: The assault occurred within the special maritime and territorial jurisdiction of the United States.

**The United States advises that it agrees ( x ), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

### III. STATUTORY PENALTIES

The maximum statutory penalty for Counts One is not more than 10 years' imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and restitution as determined by the Court.

A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**The United States advises that it agrees ( x ), disagrees ( ), or takes no position ( ). [Check or provide appropriate response].**

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

Mr. Garcia admits to the following:

On September 2, 2019, he was an inmate at the United States Penitentiary (USP) in Florence, Colorado, which is in the special maritime and territorial jurisdiction of the United States. At that time, he fought with his cellmate, Osiel Cardenas-Guillen.

Mr. Garcia, without justification, struck Mr. Cardenas-Guillen multiple times and caused serious bodily injury to Mr. Cardenas-Guillen as defined in 18 U.S.C. §1365.

**The United States advises that it agrees ( ), disagrees ( x ), or takes no position ( ). [Check or provide appropriate response].**

## VI. GUIDELINE COMPUTATION

Defendant understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Garcia sets forth below his estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

Mr. Garcia estimates the calculation for the advisory guidelines as follows:

A. The applicable guideline is §2A2.2, with a base offense level of 14.

B. The victim sustained serious bodily injury, increasing the base offense level by 5-levels. See §2A2.2(b)(3).

C. Since Mr. Garcia has timely pled guilty, he should receive credit for acceptance of responsibility, i.e. a reduction of two offense levels. See U.S.S.G. §3E1.1(a).

D. The adjusted offense level would be 17.

E. Defendant's criminal history category is estimated as Category III.

F. The Career Offender guideline does not apply.

G. The advisory guideline range of imprisonment resulting from an offense level of **17** and a criminal history category of III is **30-37 months**. In order to be as

3

accurate as possible, with the criminal history category undetermined at this time, the range could conceivably extend from as low as 24 months (bottom of Category I) to as high as 63 months (top of Category VI).

      H.     Pursuant to guideline § 5E1.2, the fine range for this offense would be $10,000 to $95,000, plus applicable interest and penalties.

      I.     Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term must be at least one year but not more than three years.

**The United States advises that it agrees ( ), disagrees ( x ), or takes no position ( ). [Check or provide appropriate response].**

Mr. Garcia understands that although the Court will consider the above estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by any estimate calculated herein, regardless of whether agreed to by the government.

No estimate regarding the guideline range precludes Mr. Garcia or the government from asking the Court, within the overall context of the guidelines, to depart from the guideline range at sentencing if defendant or the government believes a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes Mr. Garcia or the government from asking the Court to vary from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

Mr. Garcia understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 5/9/22

Mr. Francisco Garcia
Defendant

Date: 5/9/22

Mr. Timothy P. O'Hara
Attorney for Defendant

**As to matters agreed to by the United States:**

Date: 5/9/22

Ms. Laura Cramer-Babycz
Assistant U.S. Attorney

Date: 5/9/22

Ms. Andrea Surratt
Assistant U.S. Attorney